Davis *vs.* McDonald.

C. E. BROYLES, Solicitor General, by D. A. WALKER, and R. J. McCAMY, for the State.

SARAH O. DAVIS, plaintiff in error, *vs.* J. D. W. McDON-ALD, defendant in error.

The widow's right to dower in the lands of which her husband died seized and possessed either by deed, or in law, is a legal right of which she cannot be barred except in the manner as provided by law, that is to say, her relinquishment of her right to dower must be made in the manner as prescribed by law.

Dower. Before Judge PARROTT. Murray Superior Court. October Term, 1870.

This was an application for dower by Sarah O. Davis against James McDonald, claiming the land. The parties agreed to have the matter decided by the Judge, upon the following admitted facts: Chilion Pacard died about 1852, seized and possessed of the lands out of which the applicant claims dower, leaving the applicant, his daughter, his sole heir-at-law, she having previously married Alfred J. Davis, and she and her husband were living with her father at the time of his death; said Davis and wife lived on said lands until February, 1861, when said Davis contracted said lands

to defendant, taking his notes and giving his bond for titles on the payment of said notes. This bond was in the body of it in the names of said Davis and wife, but was signed by Alfred J. alone. Said trade was made with the consent and approbation of the applicant, and she, before the trade was closed, and in the absence of her husband promised to sign the bond, and the reason she did not do so at the time was, that Martin Teat had attested her husband's signature, and he was absent then, and she would sign in his presence, when she could see him to attest her signature, and the matter was neglected. To different persons, in the absence of her husband, she expressed her satisfaction at and approved of the trade, and freely consented for defendant to move into possession of the lands, and she and her husband moved to another place because she did not like this place. She saw McDonald pay her husband part of the money and her husband handed her his pocket-book with the money, to put away for safe keeping. McDonald has paid all the purchase-money for the lands except $1,200 00 or $1,400 00 on the last note, which Alfred P. Davis sold to Francis Wright and indorsed, and having moved away to Alabama he was not sued, but judgment has been obtained against McDonald for said balance. Alfred Davis died a year ago and the applicant is his widow, the note sued on by Mrs. Frances Wright was dated February, 1861, and due 25th of December, 1862, and was indorsed in September, 1863, and applicant had been wanting to sell the place for years and so expressed it in his absence repeatedly.

The Court decided that Mrs. Davis was not dowable in said land, under said facts, and that is assigned as error.

D. A. WALKER, for plaintiff in error.

JOHNSON & McCAMY, for defendant.

Steel *vs*. Payne.

WARNER, J.

The Court below erred in deciding that the widow was barred of her right to dower in the lands of her deceased husband, on the statement of facts disclosed in the record of this case.   To bar the widow's legal right to dower her relinquishment of that right must be made in the manner prescribed by law.

Let the judgment of the Court below be reversed.